## MORET *v.* VÁZQUEZ.

## APPEAL from the District Court of San Juan.

No. 108.—Decided March 15, 1904.

DIVORCE—ABANDONMENT.—The abandonment of one spouse by the other implies a permanent separation by the latter and the denial on his or her part of the assistance due to the other spouse.

ID.—DUTIES OF THE WIFE.—It is the duty of the wife to follow the husband wherever he may establish his residence, and it shall be understood that she voluntarily fails to follow him unless it appears that there is some reason which prevents her from so doing.

ID.—The firm and constant determination of one of the spouses not to live with the other spouse, and thus comply with the duties imposed upon such person by the natural and the civil law, and such determination being persisted in for more than one year, constitutes abandonment as defined by article 164 of the Civil Code as a cause for divorce.

APPEAL—EVIDENCE—WANT OF DEFENSE.—Want of defense cannot be pleaded by a party who has had ample opportunity to present all such evidence as he may deem proper, and who, upon the oral trial, has not protested or excepted to errors alleged to have been committed in the order of procedure, and hence the same should be considered as consented to, and cannot serve as a ground for the reversal of the judgment.

ID.—The testimony of witnesses taken without the knowledge of the adverse party and not duly offered on the trial, and tendered in second instance after parties had been cited for judgment, is not admissible.

### STATEMENT OF THE CASE.

This is a declaratory action for divorce prosecuted in the District Court of San Juan by Simón Moret y Muñoz, plaintiff, represented by his attorney, Juan Hernández López, against Enriqueta Vázquez, defendant, represented, first, by Attorneys José Hernández Usera and Ramón Falcón, and at the trial by José de Jesús Tizol; which case is pending before us on appeal taken by counsel for the defendant from the judgment rendered by aforesaid district court. Said judgment reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, July 24, 1903. A hearing was had of this action for the annulment of a civil mar-

pleito de nulidad de matrimonio civil y subsidiariamente de divorcio, seguido entre partes, de la una, como demandante, D. Simon Moret Muñoz, vecino de Cayey, médico, defendido por el Letrado D. Juan Hernández López, de otra, como demandada Doña Enriqueta Vazquez, vecina de New York, de profesión doméstica, defendida en el acto del juicio por el abogado D. José de Jesús Tizol, y de otra el Hon. Fiscal del Distrito.

1. *Resultando*s que el Sr. Moret formuló demanda en cinco de Septiembre de 1902, contra su consorte Doña Enriqueta Vazquez, alegando como hechos: que ámbos cónyuges contrajeron matrimonio civil en la ciudad de New York, el 9 de Julio de 1898, según documento que acompañó: que el esposo no pudo consumar su matrimonio por no prestarse á ello la esposa: que ésta se marchó á vivir sóla y por su propia cuenta, rehuyendo la vida matrimonial sin que se aviniera á volver al hogar del marido á pesar de las gestiones que este practicó por sí y por mediación de su Sr. padre, llegando la esposa hasta el extremo de no permitirle pasar á sus habitaciones particulares en la casa en que vivía; que al regresar el demandante á Puerto Rico, por razón de su cargo como médico militar, buscó inútilmente á su esposa para requerirla á que le acompañase á su nuevo domicilio, buscándola de nuevo en un viaje que hizo á New York, en esta ciudad, sin lograr hallarla: que envió con una carta un giro á su esposa desde Puerto Rico, siendo devueltas ambas cosas á la señora madre del actor: y finalmente, que el abandono tuvo lugar en el año 1898, y hace mucho más de un año que el Señor Moret se encuentra en Puerto Rico prestando sus servicios como Médico Militar, sin que su esposa, á pesar de ser puertorriqueña, haya querido venir á vivir en su compañia; consignando como fundamentos de derecho que la nulidad del matrimonio tiene lugar por impotencia relativa para la procreación, anterior al matrimonio, y que de estimarse tal nulidad, debería apreciarse que la negativa de la mujer á consumar el matrimonio, es gravemente injuriosa para el marido, existiendo además el abandono, ó sea dos motivos de divorcio; y finalmente que debía condenarse á la demandada en costas.

2. *Resultando*: que conferido traslado de la demanda á la demandada, se personó á su nombre y la contestó el abogado D. José Hernández Usera, negando todos los hechos de la demanda, excepto el relativo al matrimonio de los cónyuges, estableciendo además; que el marido fué el que abandonó á su mujer desde Julio de 1899, viniendo á ésta Isla sin hacer á su esposa la más pequeña indicación

riage and incidentally for divorce instituted by Simón Moret Muñoz, a physician, residing in Cayey, plaintiff, represented by Attorney Juan Hernández Lóuez, against Enriqueta Vázquez, residing in New York, and engaged in ordinary household duties, defendant, represented at the trial by Attorney José Jesús Tizol, the *Fiscal* having also entered an appearance.

"On September 5, 1902, said Moret instituted an action for divorce in the District Court of San Juan against his wife, Enriqueta Vázquez, alleging the following facts: That the couple had contracted civil marriage in the city of New York, July 9, 1898, according to a document accompanying the complaint; the husband was unable to consummate the marriage because of the wife's resistance; that she went to live by herself and on her own account and refused to come to the house of her husband, notwithstanding his efforts and those made through the intervention of his father, she going so far as to refuse him admission into her private apartments in the house in which she lived; that when plaintiff, by reason of his employment as army surgeon, was about to return to Porto Rico, he searched for his wife in order to induce her to accompany him to his new home, but failed to ascertain her whereabouts; and on the occasion of a trip which he made to New York he again sought her, but failed to find her; that from Porto Rico he sent her a letter with a draft, and she had returned both things to his mother; and, finally, that the desertion occurred in 1898, it being now over a year since plaintiff has been living in Porto Rico, engaged in the discharge of his duties as army surgeon, and during all this time his wife, although a native of Porto Rico, has refused to come and live with him. As grounds of law plaintiff urged that in the same manner as impotence existing prior to the marriage renders it void, so the refusal of the wife to cohabit should be considered sufficient cause of nullity, it implying, moreover, desertion, thus involving a twofold cause for divorce. Finally he prayed that the costs should be taxed against defendant.

"Notice of the complaint having been served upon defendant it was answered on her behalf by her attorney, José Hernández Usera, who denied all the facts set forth in the complaint, except such as had reference to the marriage of the parties. He further alleged: That it was the husband who, since July, 1899, had deserted his wife, by coming to this country without inviting her to accompany him or

de que le acompañara ni darle conocimiento de su partida, dejando de facilitarle recursos para su sostenimiento; alegando como fundamentos de derecho los Artículos 131, número 5; 164, número 6 y 165, del Código Civil y el principio de que el cónyuge culpable no puede pedir el divorcio.

3. *Resultando*: que el actor propuso prueba de documentos públicos y privados y testifical, y la demandada de confesión testifical y de documentos privados en el acto de la comparecencia para proposición de pruebas, y en el acto del juicio oral propuso el actor tres actas notariales y la demandada una carta suscrita por el Señor Moret, siendo ambas pruebas admitidas.

4. *Resultando*: de la prueba del actor que se unió á los autos la partida de nacimiento de la demandada, de la que aparece que nació el día 24 de Enero de 1872; y que el Capitán del Regimiento de Puerto Rico ,Mr. Owal P. Townshend, certificó que el actor se encuentra prestando sus servicios en Cayey como Cirujano Ayudante del Regimiento provisional de Infantería de Puerto Rico desde el dos de Julio de 1901.

5. *Resultando*: de la prueba de dicho actor que Mr. George A. C. Barnett, abogado, declaró que tuvo una entrevista con la Señora Vázquez de Moret hácia el mes de Noviembre de 1899 por encargo de su marido con el fín de persuadirla á que fuera á vivir con éste, manifestándole ella su intención de jamás vivir otra vez con su esposo; que Doña Francisca Roncero manifiesta que hace tres, años poco más ó menos, época en que ya estaban separados los esposos Moret, la comisionó el Dr. Moret para que se avistara con su esposa y le preguntára si había recibido varias cartas de él, comisión que no pudo cumplir por no encontrar á la Señora Vázquez: que Don José J. Alonso amigo íntimo del Dr. Moret, manifestó que pagaba á la Señora Vázquez por encargo del Dr. Moret una suma semanal que enviaba á dicha señora por conducto de un tío de ella; que estuvo dos veces en la casa de la Señora Vázquez en New York, la primera vez se le informó que dicha señora no estaba en la casa y la segunda pasó aviso á esta señora del objeto de su visita que era persuadirla á que volviera á vivir con su marido, negándose á recibirlo.

6. *Resultando*: de la prueba del mismo actor que en el acto del juicio fueron presentadas y admitidas de acuerdo con el Artículo 505, No. 1, de la Ley de Enjuiciamiento Civil vigente, tres actas notariales de fecha 25 de Abril de 1903, una en la que consta que requerida la Señora Vázquez por el Notario D. Rafael López Landrón á instancias

apprising her of his departure or even providing for her subsistence. As grounds of law he cited article 131, paragraph 5, article 164, paragraph 6, and article 165 of the Civil Code, and the principle that divorce cannot be sued for by the guilty spouse.

"At the proceedings for the taking of evidence the plaintiff offered as proofs public and private documents and the testimony of witnesses, while the defendant proposed as means of proof that of confession in court and of private documents. At the oral hearing plaintiff submitted these notarial instruments and defendant a letter signed by Moret, which were admitted.

"Among the proofs filed with the record by the plaintiff there appeared the certificate of birth of defendant showing that she was born on the twenty-fourth day of January, 1872, and a certificate from Capt. Owal P. Townsend, Porto Rico Regiment, to the effect that plaintiff had been on duty in Cayey, as assistant surgeon of the Provisional Regiment of Infantry of Porto Rico, since July 2, 1901.

"On behalf of the said plaintiff, George A. C. Barnett, attorney at law, testified that some time in November, 1899, at the request of plaintiff, he had had an interview with defendant for the purpose of inducing her to live with her husband, which she refused to do, declaring that she would never again live with him. Francisca Roncero testified that about three years ago, while the spouses were already living apart, Dr. Moret had commissioned her to see his wife and ask her if she had received several letters from him, which commission she was unable to fulfill, because she could not find Mrs. Vázquez. José A. Alonzo, an intimate friend of Dr. Moret, testified that by order of the latter, he had remitted every week a certain sum of money to the defendant, through an uncle of hers. That he had been twice to Mrs. Vásquez's house in New York. The first time he was informed that she was not in; when he next called he sent her word that the object of his visit was to induce her to return to her husband, but she refused to receive him.

"At the trial three notarial instruments, dated April 25, 1903, were presented and admitted pursuant to article 505 of the Law of Civil Procedure, in one of which documents it is set forth that Mrs. Vázquez, being requested by Notary Rafael López Ladrón, on behalf of Simón Moret, to repair to her husband's home in Cayey and comply

de Don Simón Moret para que se aviniera á cumplir sus obligaciones
de mujer casada trasladándose al domicilio de su marido en Cayey,
manifestó que su abogado, Mr. F. Dexter, tenía poder amplio para
contestar sobre este asunto como si fuera ella en persona y las otras
dos de requerimiento á los abogados Mr. F. H. Dexter y Don J. Her-
nández Usera, como representantes de la Señora Vázquez, habiendo
manifestado el primero que esta señora le había hablado sobre el
asunto á que se refería el requerimiento pero se había abstenido de
dar su opinión por haberle dicho ella misma que su abogado era el
Sr. Hernández Usera; y el segundo que acababa de renunciar la re-
presentación de la demandada.

7. *Resultando* : de la prueba del actor que este declaró como
testigo que se casó con Doña Enriqueta Vázquez en New York en
1898, teniendo 18 años y siendo estudiante de medicina, y su esposa
de 21 á 23 años; que poco después se fué á la guerra de Cuba re-
gresando en 1899 á New York, viviendo en compañía de su esposa
comenzando entonces los disgustos matrimoniales; que se colocó en una
farmácia en donde ganaba ocho pesos mensuales de los que daba seis
á su esposa; que ésta se ausentó de New York sin noticiarle su marcha,
no obstante lo cual le pasaba una pensión semanal; que pudo averiguar
su paradero y fué á verla, negándose ella á recibirlo y teniendo que
romper la puerta de su habitación promoviendo el consiguiente
escándalo; que le envió al abogado Mr. Barnett y á Don Pedro Sala-
zar para persuadirla de que se uniera á él, sin resultado; que él
mismo en persona estuvo en unión de Don Pedro Guerrero en la
calle 114, piso tercero, en New York, requiriendo á su esposa para que
le acompañara á Puerto Rico, negándose á ello; y que al regresar su
esposa á Puerto Rico con motivo de este pleito, le envió varios amigos
insistiendo en hacer vida común con ella, negándose de nuevo; que el
testigo Benigno Quevedo declaró que por encargo de Moret trató de
ver á la Señora Vázquez para persuadirla de que se uniera con su
marido sin que pudiera verla personalmente, pero si escribirle sin
obtener repuesta; que el testigo Salvador Gallart depuso que vió á
Moret depositar en el correo una carta certificada para su esposa con-
teniendo un giro de cincuenta pesos; que el testigo Julio Ramos, ad-
ministrador de correos de Cayey, manifestó: que el veinte y uno de
Abril de 1902 certificó Moret la carta referida, conteniendo un cheque
de cincuenta pesos; y que el testigo Pedro Guerrero manifestó: que en
Marzo de 1902 acompaño al Sr. Moret, médico entonces del vapor
''Philadelphia'', á un tercer piso de la calle 114, en donde habitaba

with the obligations of a married woman, she referred him to her lawyer, F. Dexter, who had ample power to act for her in the matter. The other two documents were requisitions to her attorneys, F. H. Dexter and J. Hernández Usera, to which the former had replied that defendant had spoken to him about the matter referred to in the requisition, but that he had refrained from giving an opinion when informed by the defendant that her lawyer was Hernández Usera. As to the latter, his reply was that he had just withdrawn from the case as counsel for defendant.

"Plaintiff, on being examined as a witness, testified that he had married Enriqueta Vázquez in the city of New York, in 1898, when eighteen years of age, while a medical student, his wife being at the time from twenty-one to twenty-three years old. He shortly after went to the Cuban war, returning to New York in 1899. He lived there with his wife, and then began the matrimonial quarrels. He secured a situation in a drug store at eight dollars a month, six of which he gave to his wife. She went away from New York without acquainting him of her departure, notwithstanding which he continued sending her a weekly allowance. He succeeded in ascertaining her whereabouts and went to see her, but she refused to receive him and he had to force an entrance into her room, with the attending scandal. He sent Lawyer Barnett and Mr. Pedro Salazar to induce her to join him, but their errand proved a failure. He personally went, accompanied by Mr. Pedro Guerrero, to 114th street, third floor, New York, and enjoined her to come with him to Porto Rico, which she refused to do. And when she returned to the Island on the occasion of the present suit, he sent several friends to her for the purpose of prevailing upon her to come and live with him, but she persisted in her refusal. The witness Benigno Quevedo testified that at Moret's request he had tried to see Mrs. Vázquez for the purpose of persuading her to join her husband, but he was unable to secure a personal interview with her, nor would she write in response to his communications. Salvador Gallart testified that he had seen Moret mail a registered letter addressed to his wife, containing a draft for fifty dollars. Julio Rames, postmaster at Cayey, testified that aforesaid letter, containing a check for fifty dollars, had been registered by Moret on the twenty-first day of April, 1902. Pedro Guerrero testified that in March, 1902, he had accompanied Moret, who was then a medical officer on the steamer 'Philadelphia,' to the third floor of a house in 114th street,

la Señora Vázquez, invitándola él á que la acompañara á Puerto Rico y negándose ella.

8. *Resultando* : de la prueba del actor que se unieron á los autos dos cartas dirigidas al Dr. Moret por su esposa, y por ella reconocidas, la una sin fecha y la otra incompleta, sin tener relación su contenido con el presente pleito por lo que no se consigna el contenido de ambas.

9. *Resultando* : de la prueba de la demandada que se unió á los autos una comunicación del Coronel Buchanan manifestando que el Señor Moret entró á ejercer su cargo en 22 de Junio de 1901.

10. *Resultando* : de la prueba de la demandada que se trajeron á este pleito y reconocieron por el actor tres cartas por él dirigidas á su Sor. Padre, Don Simón Moret, Ponce, fechada en New York Diciembre 5 de 1899, otra dirigida á· Mr. William de Rivera, New York City, fechada en la misma ciudad en 19 de Diciembre de 1899, y la tercera dirigida á Mrs. Parcy Walling, city, fechada en New York en Diciembre 26 de 1899, en la primera de las cuales el actor acusa recibo á su padre de la suma de cuarenta pesos, y le pide que no le abandone ni á él ni á su esposa; la segunda en que manifiesta hallarse satisfecho de que su señora esté al lado del Sr. Rivera y propone á este un arreglo para que no tenga que sufragar los gastos de su esposa, y la tercera en que pide la Señora Walling una cuenta de los gastos hechos por su esposa desde el 9 de Julio de 1898 hasta el 14 de Marzo de 1899, excusándose de no haberlo hecho antes por su escasés de recursos.

11. *Resultando* : que así mismo reconoció el actor una carta dirigida por él á su consorte, fechada en New York á 30 de Mayo de 1899, en la que expresa haberse ido de su lado por causa de su hermana Consuelo pero que no la ha abandonado, que desde el siguiente día comenzará á trabajar según le prometió y le enviará su semanal el Sábado, rogándole encarecidamente que lo acepte, manifestando el propósito de continuar en Septiembre sus estudios y graduarse para volver á su esposa como hombre honrado.

12. *Resultando* : que efectuado. el juicio oral de este pleito á puerta cerrada, por la índole del mismo, informaron los abogados de las partes lo atinente á su derecho desistiendo el actor de su acción de nulidad de matrimonio y de su alegación de injurias graves como causa de divorcio· asistiendo al acto el demandante y la demandada sin que concurriera el Ministerio Fiscal, citado al efecto, que tampoco contestó la demanda de que se le dió traslado.

where Mrs. Vázquez lived, and that upon being invited by Moret to accompany him to Porto Rico, she had refused to do so.

"Two letters, as evidence for plaintiff, one undated and the other incomplete, addressed by his wife to Moret, have been filed with the record and acknowledged by her, but as they have no bearing upon the subject-matter of this suit, their contents are omitted.

"As evidence filed with the record on behalf of the defendant there is a communication from Col. Buchanan stating that Moret had entered upon his duties on June 22, 1901.

"Three letters written and acknowledged by the plaintiff were submitted on behalf of the defendant, one addressed to the plaintiff's father, Simon Moret, Ponce, dated in New York, December 1899, acknowledging the receipt of forty dollars, and asking his father not to forsake him or his wife; another addressed to Mr. William de Rivera, New York, dated in that city, December 26, 1899, in which he says that he is glad that his wife is Mr. Rivera's guest, and proposes to arrange matters so that Rivera may not have to bear his wife's expenses; and the third addressed to Mrs. Walling, requesting the latter to send him the account of the expenses incurred by his wife from July 9, 1898, to March 14, 1899, and giving as an excuse for not having settled with her before, the insufficiency of his means.

"Plaintiff also acknowledged a letter from him to his wife dated in New York, May 30, 1899, wherein he tells her that he had gone away from her on account of her sister Consuelo, but that he would not forsake her; that on the following day he would begin to work as he had promised her, and on Saturday would send her weekly allowance, which he earnestly begged her to accept, and informs her that he proposed to resume in September his studies and obtain a diploma so as to return to live with his wife like an honorable man.

"At the oral hearing, which took place behind closed doors, owing to the nature thereof, counsel for both parties presented such arguments as were deemed pertinent to their respective claims, while the plaintiff desisted from his action for nullity of marriage and from his allegation of grievous wrongs as a cause for divorce. Both parties appeared at the hearing, the Department of Public Prosecution failing to do so, although cited for the purpose, nor had it answered the complaint when notice thereof had been served upon it.

13. *Resultando*: que con citación de las partes y en pública audiencia se pronunció unánimemente sentencia en esta causa civil.

14. *Resultando*: que en la tramitación de este juicio se han observado las formalidades legales.

Siendo Ponente el Juez Asociado Don José Tous Soto.

1. *Considerando*: que por el desistimiento de la parte actora no hay que hacer mérito de sus alegaciones de nulidad de matrimonio y divorcio fundado en injurias graves, limitándose el debate á resolver si la mujer abandonó al marido habiendo transcurrido más de un año desde este hecho hasta la fecha de la interposición de la demanda ó por el contrario la esposa fué abandonada por el marido.

2. *Considerando*: que las cuatro cartas ofrecidas por la demandada como prueba no revelan que fuera abandonada por su marido, pues la de Mayo, 1899, á ella dirigida por este último demuestra solamente una separación momentanea de los cónyuges producida por determinados motivos, pero nó el abandono de la mujer por el marido, que supone permanente separación de tálamo y habitación por voluntad del marido y denegación de parte del mismo de los auxilios debidos á su mujer; demostrando por el contrario tal carta el propósito del marido de auxiliar á su mujer con el producto de su trabajo personal, y de volverse á unir con ella terminado que hubiera su carrera; y en cuanto á las cartas dirigidas á la Señora Walling y al Sr. Rivera demuestran que la Señora Vázquez de Moret vivió en compañía y á expensas de la primera desde el 9 de Julio de 1898 hasta el 14 de Marzo de 1899, y en compañía y á expensas del segundo un tiempo que no puede precisarse hacia el mes de Octubre de 1899, fecha posterior á la del supuesto abandono; pero también demuestran que Moret tenía en Diciembre de 1899, mes en que ambas cartas se escribieron, el propósito de satisfacer los gastos causados por su esposa en las respectivas casas dirigiéndose á la Señora Walling y Sr. Rivera, ofreciendo formalmente solventar los desembolsos que les hubiera ocasionado su consorte, y respecto á la carta del Dr. Moret dirigida á su señor padre, ella es la demostración más elocuente de que la Señora Vázquez no fué abandonada por su esposo en Mayo de 1899, ó en todo caso que éste fué momentáneo, volviendo á unirse ambos después, puesto que en Diciembre del mismo año según del contexto de dicha carta, firmada Enriqueta y Simón, se deduce, el marido se preocupaba de la suerte de su consorte tanto como de la suya propia, llamando á esta "hija de su padre" y "mi pobre Enriqueta" cir-

"After citing the parties, the judgment in this civil case, as unanimously accepted, was delivered in open court.

"In the conduct of this trial the legal formalities have been observed.

"Judge José Tous Soto prepared the opinion of the court, as follows:

"Plaintiff having desisted from his allegations of nullity of marriage and divorce based upon grievous wrongs, these must be disregarded and the decision confined to the question as to whether the husband was deserted by the wife, or the wife by the husband, for a period longer than one year prior to the commencement of the action.

"The four letters offered as evidence by the defendant fail to show that she had been deserted by her husband. The one dated May, 1899, addressed to her by the latter, reveals only a temporary separation of the spouses, due to certain causes, but not to desertion by the husband, which implies a permanent separation *mensa et thoro* by the will of the husband and his refusal of the support to which his wife is entitled. Said letter shows, on the contrary, that it was the intention of the husband to assist his wife with the product of his personal work and to rejoin her as soon as he had finished his studies. As to the letters addressed to Mrs. Walling and Mr. Rivera, they show that Mrs. Moret had lived with, and at the expense of the former, from July 9, 1898, to March 14, 1899, and in the house, and at the expense of the latter, for an indeterminate period of time about October, 1899, a date subsequent to that of the alleged desertion. But these letters also show that in December of 1899, when both were written, it was the intention of Moret to pay the expenses incurred by his wife in the above-mentioned houses, as evinced by his solemnly promising Mrs. Walling and Mr. Rivera that he would settle with them. And as to the letter addressed by Dr. Moret to his father, it is the most eloquent demonstration that Mrs. Vázquez had not been abandoned by her husband in May of 1899, or, at all events, that the separation had been temporary, the parties reuniting afterwards; for from the context of said letter, signed 'Enriqueta' and 'Simon,' it is to be deduced that in December of the same year the husband was as much concerned for his wife's welfare, as he was for his own, he calling her 'his father's daughter' and 'my poor Enriqueta'; all

cunstancias todas que no se compadecen con el pretendido abandono de la mujer por el marido.

3. *Considerando*: que es un hecho demostrado, así por la prueba de la demandada (informe del Coronel Buchanan) como de la del actor (informe del Capitán Townshend) que en Julio de 1901 el Dr. Moret empezó á servir en Cayey su empleo de Cirujano Ayudante del Regimiento de Puerto Rico, y debiendo la mujer seguir al marido donde quiera que fije se residencia y no constando motivo alguno que hubiera impedido á la Señora Vázquez de Moret reunirse con su esposo, debe deducirse lógicamente que no quiso seguir á este cuando trasladó su residencia á Puerto Rico, país natal de ambos, al cual regresó el esposo para ocupar el puesto de médico militar que actualmente ocupa, manifestándose la voluntad firme y constante de la esposa de no hacer vida común con su consorte desde fines del año 1899 en que, según manifiesta el abogado Sr. Barnett, se negó á volver de nuevo al hogar cónyugal, después en Marzo de 1902 al ser requerida al afecto por su marido según declaración del testigo Guerrero, y finalmente evadiendo la repuesta al requerimiento notarial que con el expresado fín le hizo el actor, ya comenzado este litigio, con el propósito de ponerle término con una franca reconciliación.

4. *Considerando*: que la expresada firme y decidida voluntad de la demandada de no convivir con su marido cumpliendo los deberes que como esposa le imponen de consuno la ley natural y la ley civil persistiendo en ella por más de un año, constituye el "abandono" que señala el número 5 del Artículo 164 del Código Civil revisado, como causa de divorcio.

5. *Considerando*: que no desestimándose en absoluto las pretensiones de ninguna de las partes el Tribunal debe proceder en la imposición de costas con arreglo á equidad.

*Vistos* los Artículos 173 y 164, No. 5, del Código Civil, y los de aplicación de la Ley de Enjuiciamiento Civil y Orden General 118, serie de 1899.

*Fallamos*: que debemos declarar y declaramos con lugar esta demanda de divorcio, y en su consecuencia disuelto en absoluto el matrimonio civil contraido por el Sr. Don Simón Moret Muñoz con la Señora Doña Enriqueta Vázquez en la ciudad de New York el día 9 de Julio de mil ochocientos noventa y ocho, quedando en libertad ambos cónyuges para contraer nuevo enlace matrimonial, con los demás efectos legales consiguientes al divorcio, sin especial condenación

of which circumstances are in contradiction with the presumed desertion of the wife by the husband.

"It is a fact that has been substantiated both by the defendant's evidence (Col. Buchanan's report) and by that of the plaintiff (Capt. Townsend's report) that in July of 1901, Moret had entered upon his duties at Cayey as assistant surgeon of the Porto Rico Regiment, and inasmuch as it is the duty of the wife to follow her husband whithersoever he may establish his residence, and it does not appear that there was any reason which prevented her from joining her husband, it is logically to be inferred that she was not willing to follow him when he removed his residence to Porto Rico, the native land of both, whither he had returned to fill the position of army surgeon, which he is still occupying. The firm and constant determination on the part of the wife not to live with her husband is made evident since the latter part of 1899, when,. according to Attorney Barnett's testimony, she had refused to return to her husband's home. This refusal was persisted in, when, in March, 1902, according to the witness Guerrero, she was again approached for the purpose, on behalf of her husband, and finally by declining to answer the notarial requisition which, at the outset of this action, was made by her husband with a view to arriving at a friendly reconciliation.

"The aforesaid firm and decided determination on the part of the wife not to live with her husband, and thus comply with the duties imposed upon her by both the natural and civil law, and persisting therein for a longer period of time than one year, constitutes the 'abandonment' defined under paragraph 5, section 164, of the revised Civil Code, as one of the causes for divorce.

"All the points urged by either of the parties not having been rejected, the court is bound to give an equitable decision in the imposition of costs.

"In view of article 173, and paragraph 5, article 164, of the Civil Code, and such articles of the Law of Civil Procedure and sections of General Order No. 118, series of 1899, as are applicable to the case, we adjudge that we should declare and do declare that the action for divorce was properly instituted, and that accordingly the civil marriage contracted between Simón Moret Muñoz and Enriqueta Vázquez, on the 9th of July, 1898, in the city of New York, is absolutely dissolved, both spouses being left at liberty to enter into new matrimonial bonds, besides such other legal effects as are consequent upon

de costas. Así por esta nuestra sentencia definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Juna Morera Martínez, Frank H. Richmond y José Tous Soto''.

*Resultando*: que notificada dicha sentencia á Doña Enririqueta Vázquez, interpuso contra ella recurso de apelación, que le fué admitido, ordenándose que se remitieran los autos á este Tribunal, previa citación y emplazamiento de las partes, y personadas éstas, se dió al recurso la tramitación correspondiente, habiéndose señalado día para la vista, en la que los abogados de las respectivas partes y el Sr. Fiscal, que impugnó el recurso, alegaron lo conducente á sus respectivas pretensiones.

Abogado del apelante: *Sr. Savage.*

Abogado del apelado: *Sr. Hernández López.*

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada, y

*Considerando*, además, que no son de estimarse las protestas de indefensión, alegadas en el acto de la vista por el abogado defensor de la apelante, pués no habiéndose coartado, ni limitado en manera alguna, á esta parte, sus legítimos medios de defensa, ántes al contrario, habiéndosele admitido todas las pruebas que propuso y que estimó pertinentes á su derecho, y habiéndosele concedido tiempo más que suficiente para evacuarlas, incluso los interrogatorios de repreguntas para los testigos de la prueba contraria, si realmente hubiera tenido algún interés en formularlos, no se justifican bajo ningún concepto las protestas de indefensión aludidas, máxime, cuando no habiéndolas consignado en el acto del juicio oral, ni establecido reclamación alguna para que se subsanaran las infracciones que se suponen cometidas en el orden del procedimiento, deberían estimarse consentidas en todo caso, y no podrían servir de fundamento para pedir la nulidad de la sentencia apelada.

divorce, with no special imposition of costs. Thus by our judgment, finally rendered, do we pronounce, order and sign. Juan Morera Martínez, Frank H. Richmond, José Tous Soto.''

Notice of the foregoing decision having been served upon Enriqueta Vázquez, she took an appeal therefrom, which was allowed. The record was ordered to be forwarded to this court, and the parties summoned to appear. Upon their appearance the appeal was conducted under the proper procedure. A day was set for the hearing at which counsel for the parties and the *Fiscal,* who contested the appeal, presented such arguments as by them were deemed pertinent in support of their respective claims.

*Mr. Savage,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

*Mr. Hernández López,* for respondent.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

Moreover, the protests of lack of defense, entered at the hearing by counsel for appellant, cannot be considered, inasmuch as no restraint has been put upon her legitimate means of defense. On the contrary, all the proofs proposed by her and deemed pertinent to her claims were admitted, and more than the necessary time allowed her for the presentation of said proofs, including the direct and cross-examination of the witnesses of the adverse party, whereof she could have availed herself had she been willing to do so. Aforesaid protests of lack of defense cannot, therefore, be justified, especially when they were not entered at the oral trial, nor any demand made for the correction of errors alleged to have been committed in the order of procedure. For these reasons they are to be viewed as having been acquiesced in, and cannot serve as grounds for a reversal of the judgment appealed from.

*Considerando*, en cuanto á las declaraciones testificales que presentó el abogado defensor de la parte apelante, con su escrito de 19 de Enero último, y le fueron devueltas por providencia del siguiente día, y en cuya agregación á los autos ha insistido en el acto de la vista, que tanto por el estado en que se encontraban estos autos, cuando fué presentado dicho escrito, estando ya citadas las partes para sentencia, cuanto por tratarse, no de una prueba de documentos, sino de una prueba de testigos, que no fué propuesta oportunamente en el juicio, y que, á mayor abundamiento, se ha recibido sin citación y, por consiguiente, á espaldas de la parte contraria, no es de admitirse, por no estar comprendida en ninguno de los casos en que procede el recibimiento á prueba, en la segunda instancia, con arreglo al Artículo 801 de la Ley de Enjuiciamiento Civil.

*Vistas* las disposiciones legales citadas.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, con los costas á la apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

Ex-Parte Bird.

Solicitud para que se expida mandamiento de
Habeas Corpus.

No. 29.—Resuelto en Marzo 15, 1904.

Libertad de la Prensa.—La primera enmienda á la Constitución de los Estados Unidos garantiza la libertad de la prensa, pero no una licencia ilimitada para publicar lo que se quiera con respecto á las personas, funcionarios públicos ó Jueces de Tribunales, en su capacidad pública ó privada.

Injurias a la Autoridad.—Instituciones Americanas.—Las disposiciones contenidas en el Artículo 265 del Código Penal Español que preveen y castigan

As for the testimony of witnesses presented by counsel for appellant in his prayer of January 19 last, which testimony was returned to him by order of the court made on the following day, and the filing of which with the record of proceedings, he insisted upon at the hearing, in view of the stage these proceedings had reached when said prayer was presented, the parties being cited for judgment, and the fact, besides, that it is not a question of documentary evidence, but one of evidence of witnesses, not proposed during the trial at the proper time, which testimony, furthermore, had been received without citation, and therefore without the knowledge of the adverse party, said testimony cannot be admitted, because not included in any of the cases in which the taking of evidence can be ordered in second instance, according to article 861 of the Law of Civil Procedure.

In view of the aforementioned legal provisions, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.